UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACKIE OSBY,

    Petitioner,

v.

C. NOLL, warden,

    Respondent.

No. C 10-1691 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Jackie Osby, an inmate at Correctional Training Facility in Soledad, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition provides the following information: Osby is serving a sentence of 15 years to life on a 1991 conviction in Kern County Superior Court for second degree murder. His petition does not challenge that conviction but instead challenges a September 3, 2008 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Osby reports that he filed unsuccessful habeas petitions in the state courts, including the California Supreme Court, before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Osby alleges in his petition that the BPH's decision violated his federal right to due process because it was not supported by sufficient evidence. The federal due process claim is cognizable and warrants a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 1, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 5, 2010**. Petitioner's traverse

1  may not exceed 20 pages in length.

2      5.    Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    6.    Petitioner's in forma pauperis application is DENIED as unnecessary because he paid the filing fee.  (Docket # 2, # 4.)

IT IS SO ORDERED.

DATED: July 30, 2010

                                SUSAN ILLSTON
                                United States District Judge